UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JOHNSON,

        Petitioner,

v.                                          CASE NO. 07-14141
                                            HONORABLE MARIANNE O. BATTANI

JOHN OCWIEJA,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

Petitioner George Johnson has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for armed robbery and two weapons offenses. Petitioner alleges that the evidence was insufficient to sustain his convictions and that his attorney was ineffective for failing to file a motion to suppress the complainants' identification of him. Neither of these claims has merit. Accordingly, the habeas petition will be denied.

**I. Background**

Petitioner's convictions arose from an armed robbery of two women in downtown Detroit on January 30, 2005. The prosecution's case at Petitioner's bench trial in Wayne County Circuit Court consisted of the testimony of the two complaining witnesses, who identified Petitioner as the man who robbed them, and the officer who took the witnesses' statements. Petitioner did not testify or present any witnesses. His defense was one of mistaken identity. On November 17, 2005, the trial court found Petitioner guilty of two counts of armed robbery, MICH. COMP. LAWS

§ 750.529, one count of being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and one count of possessing a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b.

The trial court initially sentenced Petitioner on December 12, 2005, to two years in prison for the felony firearm conviction (with credit for 164 days spent in custody), followed by concurrent terms of thirteen to twenty-five years for the armed robbery convictions and one to five years for the felon-in-possession conviction. Petitioner successfully moved for re-sentencing, and on August 10, 2006, the trial court re-sentenced him on the armed robbery counts to a minimum sentence of eleven and a half years in prison and a maximum term of twenty-five years. The sentence on the other counts remained the same, but Petitioner received credit for 405 days.

Petitioner challenged the sufficiency of the evidence in an appeal of right, but the Michigan Court of Appeals affirmed his convictions in an unpublished, *per curiam* opinion. *See People v. Johnson*, No. 267293 (Mich. Ct. App. May 22, 2007). Petitioner raised the same claim in an application for leave to appeal in the Michigan Supreme Court. He also raised a new claim, which alleged that his trial attorney was ineffective for failing to file a motion to suppress the tainted identification of him. On September 10, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions. *See People v. Johnson*, 480 Mich. 861; 737 N.W.2d 745 (2007) (table).

Petitioner filed his habeas corpus petition on October 1, 2007. His claims and supporting facts read:

> I. Petitioner was denied a substantial defense where his counsel failed to file pretrial motions to suppress the tainted identification

>     of two key witnesses.
>
>     Petitioner's trial counsel based his defense on misidentification.
>     However, he failed to file any motions to suppress the
>     identification in light of him arguing insufficiency of
>     identification.
>
> II.  The evidence presented during Petitioner's bench trial was
>      insufficient to establish Petitioner's guilt.
>
>      Independent basis and factors used to determine identification
>      were insufficient. The procedure was impermissibly suggestive,
>      and the identification should have been suppressed.

## II. Exhaustion of State Remedies

Respondent argues in an answer to the habeas petition that Petitioner failed to exhaust state remedies for his first claim and that his second claim lacks merit. State prisoners are required to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). They "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal courts ordinarily are required to dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Petitioner raised his ineffective-assistance-of-counsel claim in the Michigan Supreme Court, but not in the Michigan Court of Appeals. The submission of a new claim to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Therefore, Petitioner has failed to exhaust state remedies for his first claim. The unexhausted claim lacks merit, however, and "the exhaustion requirement is not a jurisdictional one but rather is an issue of comity between federal and state courts." *White*

*v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006). Therefore, Petitioner's failure to comply with the exhaustion requirement is excused. The Court will proceed to address both of Petitioner's claims, using the following standard of review.

### III. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application

4

of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, "§ 2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

**IV. Discussion**

    **A. Trial Counsel**

Petitioner alleges that his trial attorney should have filed a pretrial motion to suppress the tainted identification of two key witnesses. Although Petitioner's defense was that the complainants mistakenly identified him as the robber, his attorney did not move to suppress the complainants' in-court identification, which Petitioner claims was tainted by a suggestive pretrial photographic show-up. No state court addressed this issue on the merits.[1] Therefore, the deference due under § 2254(d) does not apply, and habeas review of the claim is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433,

---

[1] As previously noted, Petitioner raised this claim for the first time in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the issues presented to it.

436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

### 1. Legal Framework

The Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984), qualifies as "clearly established federal law" under 28 U.S.C. § 2254(d)(1). *Williams v. Taylor*, 529 U.S. at 391. The Supreme Court stated in *Strickland* that an attorney is ineffective if the attorney's "performance was deficient" and "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.

A deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. The defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

To determine whether defense counsel was ineffective, the Court must consider Petitioner's underlying claim about the pretrial identification procedure and the in-court identification. "[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 383 (1968) *Id*. at 384. If the pretrial identification was unnecessarily suggestive, courts consider the following factors to determine whether the identification nonetheless was reliable: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the witness's

6

level of certainty at the time of the identification; and (5) the length of time between the crime and the identification. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

### 2. Application

Nothing in the record suggests that the photo array in this case was suggestive. Petitioner claims that the photographic show-up was suggestive and unreliable because no attorney was present at it. There is no constitutional right to the presence of an attorney at a photographic show-up, *United States v. Ash*, 413 U.S. 300, 321 (1973), and under state law, a suspect has the right to an attorney at photographic identifications only if the suspect is in custody. *People v. Kurylczyk*, 443 Mich. 289, 302; 505 N.W.2d 528, 534 (1993). Because Petitioner was not in custody when the complainants viewed the photo array, he was not entitled to have an attorney present to assess the fairness of the array.

Furthermore, there was an independent basis for the complainants' identification of Petitioner at trial. As explained by the Michigan Court of Appeals,

> a police investigator interviewed the two victims and showed them the photographs separately, only one and a half days after the crime was committed. According to the investigator, each victim selected defendant's photograph in one minute or less, which suggests a high degree of certainty. Both victims had an adequate opportunity to observe their attacker. There were street lights illuminating the parking lot where the incident occurred, the perpetrator's face was not covered, and each victim stood within a few feet of the perpetrator long enough to observe his facial features. The first victim testified that the perpetrator was right in front of her for about five minutes. The second victim also testified that she had an opportunity to observe the perpetrator for about five minutes and that he was just a few feet from her when she gave him her purse.

*Johnson*, Mich. Ct. App. No. 267293, at 2-3.

This summary of the evidence demonstrates that the complainants had an independent

7

basis for their in-court identification.  And because the photographic show-up was not suggestive, defense counsel was not ineffective for failing to move to suppress the complainants' identification of Petitioner.  An attorney is not ineffective for failing to raise a meritless claim. *Parrish v. Fulcomer* 150 F.3d 326, 328 (3rd Cir. 1998).

### B. Sufficiency of the Evidence

Petitioner alleges that the evidence presented at trial was insufficient to establish his guilt.  The Michigan Court of Appeals adjudicated this claim on the merits and concluded that the evidence was sufficient to support Petitioner's convictions.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  After *Winship,* the critical question on review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.  [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original).

Normally, the Jackson "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16.  Petitioner, however, is not alleging that the prosecution failed to prove the elements of armed robbery, felon

8

in possession of a firearm, or felony firearm. His only contention is that the prosecution failed to prove that he committed the crimes.

The parties stipulated that Petitioner had a prior conviction and was ineligible to possess a firearm. In addition, the two complainants identified Petitioner at trial as the man who robbed them at gunpoint. The testimony of an eyewitness is sufficient to support a conviction. *See United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993) (concluding that the evidence was sufficient to support one defendant's convictions where the only evidence against the defendant was the testimony of the victim, who saw her assailant for only a few seconds at night while struggling with the assailant over a gun).

Petitioner points out that the complainants' testimony at trial differed somewhat from their statements to the police and from their testimony at the preliminary examination. The discrepancies, however, were minor inconsistencies in descriptions of the color of the perpetrator's gun, car, and jacket. Other discrepancies consisted of the omission of facts from the complainant's statements to the police. One complainant explained those omissions by stating that she did not remember everything at first and was a "little shaken up" at the time. The discrepancies in the witnesses' testimony and their credibility are not grounds for relief in any event, because a reviewing court may

> not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker,* 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Ibid.*

9

*Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003).

A rational trier of fact could have concluded that Petitioner was the person who robbed the two complainants at gunpoint on January 30, 2005. Therefore, the state appellate court's conclusion that the evidence was sufficient to support Petitioner's convictions did not result in a decision that was contrary to, or an unreasonable application of, *Jackson*.

**V. Conclusion**

Petitioner's first claim, regarding his trial attorney's failure to file a motion to suppress the complainant's identification, lacks merit, and the state court's adjudication of his second claim, regarding the sufficiency of the evidence, was objectively reasonable. Therefore, Petitioner's application for a writ of habeas corpus is **DENIED**. The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                             s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             UNITED STATES DISTRICT JUDGE

Dated: July 2, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon all parties of record via ordinary mail and/or e-filing.

                                             s/Bernadette M. Thebolt
                                             Deputy Clerk